3634 MJM; SI111

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON BLAHNIK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1134 |
| | ) | |
| v. | ) | |
| | ) | |
| QUIGLEY'S IRISH PUB, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

NOW COMES the Defendant, QUIGLEY'S IRISH PUB, by and through its attorneys, PURCELL & WARDROPE, CHTD., and for its Answer to Plaintiff's Complaint, states as follows:

## INTRODUCTION

1.  In this action, Plaintiff seeks redress for the Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* as set forth herein. Plaintiff seeks statutory damages, punitive damages, costs and attorney fees pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Paragraph one is a statement of intention to which no answer is required. To the extent any answer is required, this answering defendant admits that the plaintiff attempts to bring a claim for violation of the Fair Credit Reporting Act (FCRA), but denies that plaintiff has done so, denies any violation of the act by this answering defendant and denies that plaintiff has alleged or sustained any actual damages.

## JURISDICTION AND VENUE

2. Federal question jurisdiction arises under the FCRA, 15 U.S.C. §1681 *et seq.*

**ANSWER:** This answering defendant admits the allegations of Paragraph 2.

3. Venue is proper in the Northern District of Illinois pursuant to section 1681p of the FCRA and 28 U.S.C. § 1391.

**ANSWER:** This answering defendant admits the allegations of Paragraph 3.

## PARTIES

4. Plaintiff, Jason Blahnik, is a natural person, a resident of Hinsdale, Illinois and a "consumer" as defined by section 1681a(c) of the FCRA.

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 4 and therefore denies the same.

5. Defendant Quigley's Irish Pub ("Quigley's") is a restaurant located at 4010 W. 111th Street, Oak Lawn, Illinois and is subject to the jurisdiction of this court.

**ANSWER:** This answering defendant admits the allegations of Paragraph 5.

## STATUTORY STRUCTURE

6. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of

punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

**ANSWER:** Paragraph 6 is a statement of Law to which no answer is required. To the extent any answer is required, this answering defendant admits that 15 U.S.C. §1681n was in full force and effect on December 19, 2007 but maintains that it speaks for itself, denies that the Plaintiff has accurately quoted it, denies any violation of the act by this answering defendant and denies that the plaintiff has alleged or sustained any actual damages.

## FACTS

7. On December 19, 2007, Plaintiff used his credit card to make a purchase from Quigley's and received an electronically printed receipt (attached hereto as Exhibit A).

**ANSWER:** This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 7 and therefore denies the same.

8. Exhibit A includes the expiration date of the credit card used by the Plaintiff to make his purchase.

**ANSWER:** This answering defendant denies the allegations of Paragraph 8.

## CAUSE OF ACTION

### Willful Failure to Comply with the FCRA

9. The Fair and Accurate Credit Transactions Act of 2003 (FACTA) amended the FCRA to prohibit any person that accepts credit or debit cards for the transaction of business from printing more than the last 5 digits of the card number or the

3

expiration date upon any receipt provided to the cardholder at the point of sale or transaction. 15 U.S.C. §1681c(g)(1).

**ANSWER:** Paragraph 9 is a statement of Law to which no answer is required. To the extent any answer is required, this answering defendant admits that 15 U.S.C. §1681c(g)(1) was in full force and effect on December 19, 2007 but maintains that it speaks for itself, denies that the Plaintiff has accurately quoted it, denies any violation of the act by this answering defendant and denies that the plaintiff has alleged or sustained any actual damages.

10. In enacting this provision, Congress phased-in compliance for all merchants over three years. FACTA required full compliance with this provision no later than December 4, 2006.

**ANSWER:** Paragraph ten is a statement of Law to which no answer is required. To the extent any answer is required, this answering defendant admits that 15 U.S.C. §1681c(g)(3)(a) was in full force and effect on December 19, 2007 but maintains that it speaks for itself, denies that the Plaintiff has accurately quoted it, denies any violation of the act by this answering defendant and denies that the plaintiff has alleged or sustained any actual damages.

11. On information and belief, Quigley's is a person that accepts credit and debit cards for the transaction of business.

**ANSWER:** This answering defendant admits the allegations of Paragraph 11.

12. On information and belief, Quigley's knew or should have known of the requirements of Section 1681c(g)(1) with respect to the printing of the expiration date of a credit or debit card on any receipt provided to a consumer at the point of sale or

transaction, having been informed of those requirements by credit card companies with which it does business.

**ANSWER:**   This answering defendant denies the allegations of Paragraph 12.

13.   On information and belief, the truncation requirements were widely publicized among retailers and the public at large well in advance of the subsection's effective date.

**ANSWER:**   This answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 13 and therefore denies the same.

14.   Quigley's willfully failed to comply with the FCRA by including the expiration date of the Plaintiff's credit card on the receipt it provided to him.

**ANSWER:**   This answering defendant denies the allegations of Paragraph 14.

WHEREFORE, Defendant, QUIGLEY'S IRISH PUB, requests that this court dismiss this Complaint with prejudice and with all costs awarded to Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COMES the Defendant, QUIGLEY'S IRISH PUB, by and through its attorneys, PURCELL & WARDROPE, CHTD., and without prejudice to its prior answers and denials and pleading in the alternative for its Affirmative Defenses states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual damages, and an award of statutory and/or actual damages to Plaintiff would violate Defendant's due process rights as they are disproportionate to the harm alleged and are excessive.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive or exemplary damages are barred because such relief would violate Defendant's due process rights.

**THIRD AFFIRMATIVE DEFENSE**

The complaint is barred in whole or part to the extent that any conduct engaged in by Defendant was based on a mistake of fact or law.

**FOURTH AFFIRMATIVE DEFENSE**

The loss, injury or damage, if any, incurred by Plaintiff was the result of superseding or intervening causes arising from negligent or willful acts or omissions by parties which Defendant neither controlled nor had the right to control, and said losses, injuries, or damages were not proximately or legally caused by any act, omission, or other conduct by Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Any claim by Plaintiff for statutory damages, attorneys' fees and costs and punitive damages are barred because any violation of the applicable law was negligent, at worst, and not willful.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred because it was not brought in good faith, but is instead the product of an intentional act by Plaintiff, perhaps in conspiracy with others, to cause a violation of the applicable law when the Plaintiff knew that it did not and would not suffer any actual damages, in order to seek statutory remedies under the applicable law, rather than to redress a legitimate injury.

**SEVENTH AFFIRMATIVE DEFENSE**

The complaint is barred by the doctrines of waiver, estoppel, unclean hands, or any such other equitable defenses that may apply, as the result of Plaintiff's own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise such additional defenses that may become apparent through discovery and the presentation of evidence in this action.

Respectfully submitted,

PURCELL & WARDROPE, CHTD.

By: /s/ Mark J. Mickiewicz
Mark J. Mickiewicz
Attorney for Defendant,
QUIGLEY'S IRISH PUB

Mark J. Mickiewicz, Atty. No. 6280623
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
E-mail: mjm@pw-law.com
F:\MJM\3634\Pleadings\AnsandAffDef.doc

### JURY DEMAND

Defendant demands trial by jury.

/s/ Mark J. Mickiewicz
Mark J. Mickiewicz
Attorney for Defendant,
QUIGLEY'S IRISH PUB

7